UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:08-cr-0068** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **LARRY W. LEDET, JR.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Larry W. Ledet, Jr. Doc. 65. The government opposes the motion. Doc. 73.

This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under § 2255(f).

I.
BACKGROUND

Pursuant to a plea agreement, Ledet was convicted in this court on June 4, 2009, of one count of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Docs. 45, 46; *see* doc. 1 (indictment). The government asserts, and Ledet does not contest, that the presentence report determined that he was subject to the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his prior convictions but did not

specify which convictions that determination was based on.[1] Doc. 73, pp. 1–2; *see* doc. 46, att. 2. Accordingly, he was sentenced to a 180 month term of imprisonment, the minimum allowed under the ACCA, on September 10, 2009. Doc. 50; *see* doc. 46, att. 1. Ledet appealed to the United States Fifth Circuit Court of Appeal, which affirmed his conviction and sentence. Doc. 62. He then filed a petition for writ of certiorari in the United States Supreme Court, which denied same on November 15, 2010. Doc. 63.

On March 21, 2016, this court received a motion from Ledet requesting resentencing based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Doc. 65. Under the court's standard procedural and administrative orders governing *Johnson*-based § 2255 motions, the Office of the Public Defender was appointed to represent Ledet. Doc. 66. Ledet then filed a *pro se* memorandum clarifying his grounds for relief and his attorney was granted leave to withdraw. Doc. 68; *see* docs. 71, 72. The government filed its opposition to the motion on March 27, 2017, and noted there that the matter was currently subject to a stay effective until July 1, 2017. Doc. 73, p. 3. No reply was received to the government's response, and no further administrative or procedural order has been entered as to this matter. Accordingly, the motion is now ripe for review.

## II.
### LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under §

---

[1] The pre-sentence investigation report is not contained in the record of this matter, though a copy has been reviewed by chambers. The factual stipulation for Ledet's guilty plea acknowledges, in relevant part, that he has three or more convictions satisfying the requirements of 18 U.S.C. § 924(e). Doc. 46, att. 2, pp. 1–2. It then goes on to list four drug convictions. *Id.*

2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

A motion filed under § 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). A judgment becomes final, under this section, when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 123 S.Ct. 1072, 1075–76 (2003). The limitations period is not jurisdictional and is subject to equitable tolling. *Parra-Martinez v. United States*, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (citing *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010)). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Id.* (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).

The ACCA provides for certain penalty enhancements, like the one received by Ledet, for defendants who violate 18 U.S.C. § 922(g) and are found to have three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Ledet argues that he is entitled to relief based on the Supreme Court's decision in *Johnson*, supra, 135 S.Ct. 2551 (2015), which was made retroactively applicable to cases on collateral review in *United States v. Welch*, 136 S.Ct. 1257 (2016). In *Johnson* the Court held that a portion of the statutory definition of a "violent felony" in the

ACCA's "residual clause," at § 924(e)(2)(B)(ii), was unconstitutionally vague, meaning that a sentence enhancement based on that provision violated a defendant's right to due process. 135 S.Ct. at 2563. As the government notes, however, it left other provisions of the ACCA intact, including the remainder of the statute's definition of a violent felony as well as its entire definition of a "serious drug offense." *Id.*; *see, e.g.*, *In re Sargent*, 837 F.3d 675, 677 (6th Cir. 2016) ("*Johnson* invalidated only the residual clause of the ACCA's definition of a violent felony; it did not invalidate the enumerated felony clause or any portion of the definition of a 'serious drug offense.'").

The government shows that Ledet's prior convictions included three separate convictions for distribution of controlled substances and one conviction for possession with intent to distribute a controlled substance. Doc. 46, att. 2; *see* doc. 73, att. 1. These convictions would qualify as "serious drug offenses" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii). Accordingly, Ledet cannot show that *Johnson* has any application to the penalty enhancement he received. Because *Johnson* does not apply to his case and he asserts no grounds for equitable tolling or a later start date of the running of the limitations period under § 2255(f), his motion is time-barred and must be denied.

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant § 2255 motion be **DENIED** and **DISMISSED WITH PREJUDICE** as untimely under § 2255(f).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 22nd day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE